Pearl Kordoski
vs.  No. 81144.
Joseph F. Belanger

April 17, 1931.

CHURCHILL, J. Heard jury trial waived.

This is an action of debt brought to recover the sum of $950.60 on what is claimed to be a judgment of the District Court of the District of Edmonton, Province of Alberta and Dominion of Canada. The order was entered on June 17, 1926, and the action of debt on such order was begun on June 28, 1929.

The plaintiff put in evidence an exemplified copy of the record of the District Court of Edmonton, together with certain evidence on which the claimed judgment was based, and introduced a copy of the statute of Alberta under which the proceedings were had.

An examination of the record shows that a proceeding was brought in the District Court of Edmonton on December 28, 1925, under the provisions of Chapter 5, Statutes of Alberta 1923, entitled "Children of Unmarried Parents Act." As a result of the proceeding an "affiliation order" was entered on June 17, 1926. In such order the defendant was adjudged to be the putative father of a child of Pearl Kordoski and it was ordered that the defendant shall "forthwith make to the Superintendent * * * the following payments;" then follows a schedule of payments to be made, including $300 for the expenses incurred by Pearl Kordoski and for her maintenance and care, and "the sum of $3.85 weekly toward the education and maintenance of the child herein until it attains the age of 16 years, or as long as it is mentally and physically incapable of earning its own living."

The Act of Alberta provides for the administration of the act by an official designated a Superintendent. He is given control over certain matters arising under the act and may institute proceedings under the act, and payments ordered are to be made to him or to such person as he may from time to time direct. It is his duty also to see "that all payments directed to be made by the putative father are duly made and in default of payments to take all necessary proceedings for the enforcement of the order," and "to see that all moneys collected are paid, without any deduction, to or for the

persons entitled to relief in accordance with the terms of the order."

This raises the first point in the case. It is evident that the Superintendent is a proper party plaintiff as by the express terms of the act he is the party designated to collect and apply the sums ordered paid.

The defendant has offered to make the Superintendent a party plaintiff and therefore it becomes unnecessary to decide the question on this point.

The point which goes to the heart of the controversy is whether or not the affiliation order is a final decree or judgment.

Section 13 of the act provides that where an affiliation order has been made, upon the petition of the Superintendent, or either parent of the child, or the child, upon proof of substantial alteration of the means of either parent, or the means of the child, or in respect to the cost of living since the making of the affiliation order, or by reason of the fact that the putative father, owing to the terms of the order, is unable to make provision for the proper subsistence and education of his legitimate children, in such case "the judge may vary the original or subsequent order so made." Sub-section 2 of Section 13 provides that no application to vary any affiliation order shall be made until the lapse of one year from the date of the order it is sought to vary.

No decision of either the District Court or of any Court having appellate jurisdiction, construing the provisions here involved has been called to the attention of the Court. The defendant urges that the case comes within the rule laid down in *Hewett vs. Hewett*, 44 R. I. 308, where a decree of alimony of a Probate Court of Massachusetts was held not enforceable in this state for the reason that the Court entering the decree had power to modify or annul such order or decree.

Plaintiff argues that the provisions of the Alberta law forbidding an order to be modified for a year turns the installments due during the first year into an absolute debt and also protects the award of expenses of $300.

The Court does not so read the statute. It is true that for a year no action can be brought to modify the order. This is similar to provisions under many statutes imposing a moratorium but at the end of one year the original order may be modified for the reasons set forth in Section 13. No limit is imposed on the right to have a further review of the original order, nor is the power of the judge over the original order limited by the terms of the act so that the amounts due for a year are beyond his power to modify This present action to enforce the order comes long after the year has expired from the entry of a final order.

On the face of the statute of Alberta under which the affiliation order was entered, such an order is not a final decree within the rule laid down in *Hewett vs. Hewett*, 44 R. I. 308.

The defendant also makes the point that the statute of Alberta under which the order was entered can not be enforced in Rhode Island, owing to the fact that it has no extra-territorial effect.

An examination of the act discloses a number of administrative proceedings which can only be enforced by officials of Alberta. The act is to be administered by the "Superintendent of Neglected and Dependent Children" and such Superintendent is to collect the sums ordered paid and to distribute them to the proper parties and to take any necessary proceedings for the enforcement of such order.

The Lieutenant Governor in Council is vested with authority to make rules and regulations as to procedure under the act; the sums due are made a charge upon the estate of the putative father and such payments may continue indefinitely and, as has been said, all orders may be modified upon application to the District Court.

A case in point is *De Brimont* vs. *Penniman*, 10 Blatchf 436. This case held that the order of a French Court, described by the Court as local, provisional, and designed to be carried into effect in France, could not be enforced in a foreign jurisdiction. This case has been widely cited in the United States and in England as an authority on the point involved, and in particular it was cited with approval in *Hilton* vs. *Guyot*, 159 U. S. 113, a leading case on the status of foreign judgments.

In the De Brimont case affiliation orders were expressly mentioned as constituting a class of orders not enforceable in a foreign jurisdiction.

The Alberta statute on which the order is founded is a statute of local application, the provisions of which are not enforceable in Rhode Island.

Decision for defendant.

For plaintiff: John J. Mee.

For defendant: Archambault and Lambert.